448 P.2d 415

David KAPLAN and Georgia Mae Kaplan, husband and wife, Appellants,

v.

Richard NIEWOLD, as Executor of the Estate of Peter Niewold and Tena Niewold, Deceased, Appellee.

No. 2 CA–CIV 573.

Court of Appeals of Arizona.

Dec. 18, 1968.

Rehearing Denied Jan. 22, 1969.

Review Denied March 11, 1969.

.572

Kanne, Bickart & Crown, by Allen B. Bickart, Phoenix, for appellants.

Merchant, Lohse & Bloom, by Cliffton E. Bloom, Tucson, for appellee.

KRUCKER, Judge.

Peter Niewold and Tena Niewold on September 27, 1955, as sellers, entered into a Deposit Receipt and Agreement with David Kaplan and Georgia Mae Kaplan, husband and wife, as buyers, to sell certain real property in Tucson, Arizona. The Kaplans failed to consummate the purchase, and on December 14, 1955, action No. 47473 was instituted by Niewolds in the Superior Court of Pima County, Arizona, for specific performance against the Kaplans. This action resulted in a judgment on August 5, 1957, in favor of the plaintiffs which judgment provided that the Kaplans execute and deliver mortgages to be dated November 10, 1955, and pay all sums required to be paid under the Deposit Receipt and Agreement. In accordance with said judgment, the Kaplans, on the 11th day of September, 1957, executed a mortgage dated November 10, 1955, and paid a lump sum payment to the escrow agent, a lump sum representing 22 monthly installments on the note and mortgage paying the same to date. The sales agreement was closed and the Kaplans were put in possession of the premises.

There were two mortgages given to consummate the sale, one for $17,500 bearing interest at 5% payable at $185 per month including principal and interest until paid; and another mortgage for $32,500 bearing interest at 5%, payable at the rate of $150 per month including principal and interest for the first five years; $165 per month including principal and interest for the next five years; and $400 per month thereafter until paid. The lump sum for 22 months payment was applied against the principal and thereafter Kaplans made regular monthly payments, except that the payments were not increased to $165 on the $32,500 note and mortgage. The $17,500 mortgage was paid in full in June, 1965. The other mortgage of $32,500 was paid down to $30,056.53, with interest paid to June 10, 1965.

Demand was made for payment of the unpaid balance, and Robert Niewold, duly appointed executor of the estates of Peter and Tena Niewold, who died in 1966, filed this action on June 3, 1966, to recover the $30,056.53, the remaining unpaid balance of the mortgage together with interest at the rate of 5% per annum from May 10, 1965, attorney's fees of $3,000, taxes and costs. Plaintiff specifically waived the security of the mortgage and sought a money judgment. Defendants Kaplan, appellants herein, answered alleging waiver of payments, denied

that $3,000 were reasonable fees, denied that taxes were owing, and denied that plaintiff could waive security, claiming that plaintiff's right to recover was solely against the real property securing the note, and by an amended answer claimed an additional defense of usury, claiming that interest was excessive when calculated from September 11, 1957, instead of November 10, 1955.

This action resulted in the judgment whereby it was determined, among other things, that the defendants were personally indebted to the plaintiff in the sum of $30,056.53, plus interest thereon at the rate of 5% per annum from May 10, 1965 until paid; that plaintiff waived the security of the mortgage without waiving the personal obligations; and that the effective date of the mortgage was the 10th of November, 1955. The court further found that usury was not established when interest was charged at the rate of 5% from the date specified in the superior court judgment in action No. 47473, that the defendants were in default at the time of filing the complaint herein, and that the lump sum payment made in accordance with the court order and proration statement had been accepted by the defendants and was properly applied to bring payments to date (November 10, 1955, date of closing of transaction). The court further found that $3,000 was a reasonable attorney's fee.

The questions presented on this appeal are as follows: (1) Did the court err in granting judgment to plaintiff for attorney's fees in the amount of $3,000; (2) Did the court err in rejecting evidence that the interest charged was usurious; and (3) Did the court err in admitting evidence of documents executed prior to the written instrument sued upon herein in violation of parol evidence rule; and (4) Was the evidence adduced sufficient to sustain the judgment as a matter of law?

## ATTORNEY'S FEES

■ Ashby Lohse, a member of the State Bar of Arizona, testified that a rea-sonable attorney's fee was $3,000, and that there had been an expenditure of over 200 hours in the preparation and trial of the case. Appellant relies on Hammond v. A. J. Bayless Markets, Inc., 58 Ariz. 58, 117 P.2d 490 (1941); Bickart v. Greater Arizona Savings and Loan Association, 103 Ariz. 166, 438 P.2d 403 (1968). See also, Elson Development Co. v. Arizona Savings and Loan Association, 99 Ariz. 217, 407 P.2d 930 (1965). Our Supreme Court holds that it is error for the court to fix the amount of attorney's fees without proof of what is a reasonable fee. In the case before us, there was testimony, which was uncontroverted, that $3,000 was a reasonable fee, and we see no abuse of discretion on the part of the trial court in light of the testimony to allow $3,000 attorney's fee, and in our judgment this amount was not unreasonable.

## QUESTION ON USURIOUS INTEREST

■ Defendants offered testimony of an accountant as to the computations of interest due. Objection to this testimony was sustained and an offer of proof was made. The accountant's testimony and the offer of proof merely used a different date in computing interest. The mortgage delivered by the Kaplans was dated November 10, 1955, although not executed until September 11, 1957, in compliance with the terms and conditions of the court order dated August 5, 1957. The closing proration statements of the escrow clearly indicate that the closing of the escrow was performed in 1957 "as of" November 10, 1955. Defendants are bound by the judgment in the specific performance case, and the correct date of the mortgage is November 10, 1955.

The mortgage is in evidence, the payment card showing the payment in full of the $17,500 mortgage is in evidence, and the payment cards of the $32,500 mortgage are in evidence showing the balance due on the loan to be $30,056.53, with interest paid to May 10, 1965. We hold that the court did not err in rejecting the usurious character of the loan when the witness's calculations were based on an erroneous date.

**574**

DID THE COURT ERR IN ADMITTING IN EVIDENCE DOCUMENTS EXECUTED PRIOR TO THE WRITTEN INSTRUMENTS AND WAS THE EVIDENCE SUFFICIENT TO SUSTAIN THE JUDGMENT?

 All of the documents in evidence merely give the entire picture of the transaction between the parties and were certainly admissible. They in no way changed the terms or conditions of the mortgages constituting the written agreement. There is ample evidence in the record by the execution of the mortgage and the admission of the payment cards showing the amounts due to sustain the judgment in favor of the plaintiffs and it is therefore affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.